IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DENNIS LOCK,

        Petitioner,

        v.

UNITED STATES ATTORNEY, et al.,

        Respondents.

_____

Civ. No. 6:13-cv-2069-MC

OPINION AND ORDER

MCSHANE, Judge:

    Petitioner, *pro se*, filed this petition for writ of mandamus (#2)[1] on November 19, 2013. Petitioner seeks to stop the "U.S. Attorney and various law enforcement agencies" from interfering with petitioner's religious use of cannabis. Pet. Writ of Mandamus 1–2, ECF No. 2. This Court's authority to issue a writ of mandamus is generally limited to existing statutory jurisdiction, e.g., Mandamus Act, 28 U.S.C. § 1361, and All Writs Act, 28 U.S.C. § 1651. *See*, e.g., *Petrowski v. Nutt*, 161 F.2d 938, 938–39 (9th Cir. 1947); *see also* FED. R. CIV. P. 81(b) ("The writ[] . . . of mandamus [is] abolished."). This Court may issue a writ of mandamus in one of two basic situations: (1) to compel the performance of a ministerial, or nondiscretionary duty; and (2) to compel action[2] in a matter involving judgment or discretion. *See Wilbur v. U.S. ex rel. Kadrie*, 281 U.S. 206, 218 (1930). However, the writ of mandamus is a "drastic and

---

[1] Plaintiff filed a "Petition for Writ of Mandamus (Rule 21) (Request for expedited Ruling-Hearing)." Pet. Writ of Mandamus 1, ECF No. 2. To the extent that petitioner seeks to utilize FRAP 21(a), that procedural mechanism is intended to permit parties to challenge decisions of lower courts and governs procedure in the United States Court of Appeals. *See* FED. R. APP. P. 1(a)(1) & (2).

[2] "Mandamus may not be used to force the exercise of discretion in a particular way." *State of Cal. v. Settle*, 708 F.2d 1380, 1384 (9th Cir. 1983) (citations omitted).

1 – OPINION AND ORDER

extraordinary remedy reserved for really extraordinary causes." *Cheney v. United States Dist. Ct. for the Dist. of Columbia*, 542 U.S. 367, 380 (2004) (citations omitted) (internal quotation marks omitted). Moreover, this Court's discretion to issue a writ of mandamus is curbed by the mandamus test.[3]

Petitioner's petition (#2), seeking the "secession of religious persecution" by federal and state law enforcement agencies, is insufficient to meet the mandamus test and is DENIED. *See supra*. However, in consideration of petitioner's *pro se* status, petitioner is granted until December 27, 2013 to file for appropriate relief, e.g., a claim under 42 U.S.C. § 1983.

IT IS SO ORDERED.

DATED this 27th day of November, 2013.

_____s/ Michael J. McShane_____
Michael J. McShane
United States District Judge

---

[3] "The three elements of the mandamus test are (1) the plaintiff's claim is clear and certain; (2) the [defendant official's] duty is ministerial and so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is available." *R.T. Vanderbilt Co v. Babbitt*, 113 F.3d 1061, 1065 n.5 (9th Cir. 1997) (citations omitted) (internal quotation marks omitted).

2 – OPINION AND ORDER